UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| Plaintiff, | § |
| | §   CRIMINAL NO. EP-23-CR-00466-KC |
| v. | § |
| | § |
| MIGUEL ANGEL DELGADO, JR., | § |
| | § |
| Defendant. | § |

**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S
MOTION TO PRODUCE**

The United States of America, by the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorneys, responds and opposes the Defendant's Motion to Produce and avers that, in this cause, the government has meticulously and voluntarily complied with all of its discovery requirements including, but not limited to, its obligations regarding timely disclosure of exculpatory materials.

Defendant moves this Honorable Court to mandate the government provide five items he alleges contain exculpatory information per *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). However, the Defendant has failed to meet the requisite legal criteria to justify such a request.[1] "Defendants cannot use *Brady* simply to search for *Brady* materials. *Brady*

---

[1] "To establish a *Brady* violation, a defendant must make the following showing: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler*, 527 U.S. at 281–82, 119 S.Ct. 1936. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682, 105 S.Ct. 3375. A determination of the materiality of withheld evidence must be made "collectively, not item-by-item." *Kyles*, 514 U.S. at 437, 115 S.Ct. 1555. "The question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence

is not a pretrial discovery tool." *United States v. Holmes*, No. 5:18-CR-00258-EJD-1, 2021 WL 3395146, at *9 (N.D. Cal. Aug. 4, 2021) (citing *United States v. Weld*, No. CR 08-0083 PJH, 2009 WL 901871, *2 (N.D. Cal. Apr. 1, 2009))[2]

By his motion, predicated on the assertion the government must comply with the "constitutional due process mandates enunciated in *Brady v Maryland*, 373 U.S. 83, (1963)," (ECF 47), Defendant Delgado suggests that the five items requested 1) actually exist; 2) have been withheld in violation of a Court issued order; 3) are exculpatory in nature; 4) are material to defending against the charged allegations in the Indictment of the above numbered and styled cause; and, if provided, 5) would tend to exculpate him. All of these assumptions are inaccurate. In *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), the U.S. Supreme Court held that the "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* at 87. Contrary to the implication that the government has withheld "*Brady*" material, the government hereby notifies the Defendant and the Court that none of the documents requested by the Defendant exist.

---

he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* at 434, 115 S.Ct. 1555. *Powell v. Quarterman*, 536 F.3d 325, 335 (5th Cir. 2008)

[2] "[T]here is no general constitutional right to discovery in a criminal case, and *Brady,*" which addressed only exculpatory evidence, "did not create one," *id.,* at 559, 97 S.Ct., at 846. *Gray v. Netherland*, 518 U.S. 152, 168, 116 S. Ct. 2074, 2084, 135 L. Ed. 2d 457 (1996). **Pennsylvania v. Ritchie**, 480 U.S. 39, 59 (1987) ("In the typical case where a defendant makes only a general request for exculpatory material under *Brady* . . . it is the [prosecuting entity] that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on disclosure is final."); **United States v. Joseph**, 996 F.2d 36, 41 (3d Cir.1993); **United States v. Merlino**, 349 F.3d 144 (3d Cir. 2003).

**Numbers 1) and 2) "The Significant Incident Report(s) for the incident alleged in Count I"** (ECF 47). While U.S. Customs and Border Protection (CBP) has a form with this name, it was/is not generated regarding the conduct in which he engaged in Count I.

**Numbers 3) and 4) "The Significant Incident Report(s) for the incident alleged in Count II"** (ECF 47). Likewise, such a report was/is not generated regarding the conduct in which he engaged in Count II.

**Number 5), "The Employment Departure Report issued to Defendant MIGUEL ANGEL DELGADO JR."** CBP did not issue an "Employment Departure Report" to MIGUEL ANGEL DELGADO JR. The agency is not familiar with this form, does not have a form with this title, and has never generated such a document. The government also avers that if such a document existed, the government would not have had an obligation to provide it in discovery pursuant to *Brady,* as the very title of this non-existent writing implies CBP "issued" it to the Defendant, thus the Defendant knew about it and/or had a copy of it. "[N]umerous cases have ruled that the government is not obliged under *Brady* to furnish a defendant with information which he already has or, with any reasonable diligence, he can obtain himself. *Williams v. United States*, 503 F.2d 995 (2d Cir. 1974); *United States v. Purin*, 486 F.2d 1363 (2d Cir. 1973); *Wallace v. Hocker*, 441 F.2d 219 (9th Cir. 1971); *United States v. Brawer*, 367 F.Supp. 156 (S.D.N.Y.1973); *United States v. Prior*, 546 F.2d 1254, 1259 (5th Cir. 1977).

In *United States v. DeCologero*, 530 F.3d 36, 75 (1st Cir. 2008), the defendant repeatedly asked for information that someone else was responsible for victim's death and prosecution represented that it had disclosed all potentially exculpatory material. Likewise, in Pennsylvania v. Ritchie, the Supreme Court held similarly:

> [Defendant] points to no specific materials or information he believes are in the prosecution's possession that would exculpate him. Without such a specific request,

it is the prosecution 'that decides which information must be disclosed. Unless defense counsel becomes aware that other exculpatory evidence was withheld and brings it to the court's attention, the prosecutor's decision on [*Brady*] disclosure is final.

*Pennsylvania v. Ritchie*, 480 U.S. 39, 59 (1987) (footnote omitted); *see also United States v. Brandon*, 17 F.3d [409] at 456 (1st Cir. 1994) (finding insufficient a defendant's "speculat[ion] that the ... files might contain exculpatory evidence" without "any supporting evidence or arguments to indicate this was, in fact, the case").

However, and not foregoing the representations above, in an attempt to determine what information the defendant is actually seeking in relation to number 5, the prosecution team spoke with the investigating agents in an attempt to determine what the requested item might actually be. The government agency located two letters written and previously provided to the Defendant by CBP in March of 2023, which deal with the "employment" of Defendant Delgado. The letters inform the Defendant, among many other things, that, as a result of the conduct alleged in the Indictment, there is "reasonable cause to believe that a crime has been committed for which a sentence of imprisonment may be imposed," thus, he is being placed on "indefinite suspension." The letters are signed by the Port Director, Port of El Paso, and in each, the Defendant's signature appears, signed March 14, 2023, as "Acknowledgement of Receipt." The signature of a witness also appears on each letter. The letters contain no exculpatory information, rather they are incriminating and accusatory. On April 4, 2024, based on the instant motion, the government provided Defendant additional copies of the letters he received more than a year ago.

Wherefore, premises considered, the government implores this court to deny, in all things, Defendant's Motion to Produce.

                                                Respectfully submitted,

                                                JAIME ESPARZA
                                                UNITED STATES ATTORNEY

By:   *Patricia Aguayo*
           PATRICIA AGUAYO
           Assistant U.S. Attorney
           Texas Bar #24059359
           SARAH VALENZUELA
           Assistant U.S. Attorney
           Texas Bar #24089261
           DEBRA P. KANOF
           Assistant U.S. Attorney
           Texas Bar #11093600
           700 E. San Antonio, Suite 200
           El Paso, Texas 79901
           (915) 534-6884

`

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record.

                                                *Patricia Aguayo*
                                                PATRICIA AGUAYO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | CRIMINAL NO. EP-23-CR-00466-KC |
| v. § | |
| § | |
| MIGUEL ANGEL DELGADO, JR., § | |
| § | |
| Defendant. § | |

## ORDER

On this date came to be considered the Defendant's Motion to Produce, pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963) (ECF 47) and the Government's Response and Opposition to Defendant's Motion to Produce in the above entitled and numbered cause, and the Court having considered the same, is of the opinion that said Motion should be **DENIED**.

SIGNED AND ENTERED this _____ day of _____, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE