UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO: EP-23-CR-00466-KC |
| § | |
| MIGUEL ANGEL DELGADO, JR., § | |
| § | |
| Defendant. § | |

**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States of America ("the Government"), by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorneys, files this response and objection to Defendant Miguel Angel Delgado's Motion to Dismiss ("Motion") (ECF No. 56) and avers that the defendant misrepresented the Government's criminal investigation, failed to prove any denial of due process and failed to demonstrate actual substantial prejudice.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

Defendant, Customs and Border Protection Officer Delgado, was involved in two incidents at the Bridge of Americas "BOTA" Port of Entry ("POE"): one involving victim T.E.E. on October 20, 2019, and one involving victim R.E. on June 15 and 16, 2020.

Delgado was charged relating to these two incidents on March 8, 2023, by a grand jury sitting in the El Paso Division of the Western District of Texas in a three count felony indictment, EP:23-CR-00466-KC, with two counts alleging violations of Title 18, United States Code, Section 242, Deprivation of Rights under Color of Law, and with one count alleging a violation of Title

18, United States Code, Section 1519, Destruction, Alteration, or Falsification of Records in Federal Investigations.

The first two counts, each allege Deprivation of Rights under Color of Law and accuse Delgado of using excessive force, that is, of willfully depriving an individual of the right, secured and protected by the Constitution (including the Fourth Amendment) and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by a law enforcement officer.

On November 29, 2023, the Court set his case for trial on April 26, 2024. ECF No. 37. Yet, Delgado did not file his Motion until the eve OF trial. In his Motion, Delgado claims that the Government "violated his rights under the Due Process clause of the Fifth Amendment to the United States Constitution" by filing the Indictment against him years after the incidents occurred." Mot. 1. For the reasons set forth below, Delgado fails to demonstrate actual prejudice and bad faith on the part of the Government.

## II. LEGAL STANDARD AND ANALYSIS

Delgado fails to establish a violation of his Fifth Amendment due process rights because he does not, and cannot, demonstrate actual substantial prejudice, which is required for the finding of preindictment delay sufficient to result in dismissal of an indictment[1] or bad faith.

---

[1] Note that defendant's litany regarding inadequate investigation on the part of the government does not apply to Count Three of the Indictment, which charges a violation of Title 18, United States Code, Section 1519, Destruction, Alteration, or Falsification of Records in Federal Investigations. Assuming, *arguendo*, that defendant's allegations regarding the government's criminal investigation had any merit, they would not be relevant to the fact that Delgado knowingly made false entries in a document to influence the investigation and proper administration of a matter within federal jurisdiction of both Customs and Border Protection and the Department of Homeland Security.

"[S]tatutes of limitations,[2] which provide predictable, legislatively enacted limits on prosecutorial delay, provide "the primary guarantee against bringing overly stale criminal charges."' *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (quoting *United States v. Marion*, 404 U.S. 307, 322 (1971)).

The Due Process Clause of the Fifth Amendment provides some safeguards against unduly dilatory prosecutions beyond those provided by the statute of limitations. However, its role in restricting preindictment delay is "limited." *Lovasco*, 431 U.S. at 789. Namely, "[t]he Due Process Clause is implicated only if (1) the defendant suffers *actual* prejudice and (2) the government acts with the requisite blameworthiness or bad faith." *Id.* (emphasis included in original); *See, also, e.g., United States v. Marion*, 404 U.S. 307, 324 (1971) ("[T]he Due Process Clause of the Fifth Amendment would require dismissal of the indictment if it were shown **at trial** that the pre-indictment delay in this case caused substantial prejudice to appellees' rights to a fair trial and that the delay was an intentional device to gain tactical advantage over the accused.") (emphasis added).

The Fifth Circuit has laid out the same two elements:

"a defendant must establish: (1) that "the Government intended to delay obtaining an indictment for the purpose of gaining some tactical advantage over the accused… or for some other bad faith purpose," and (2) "that the improper delay caused actual, *substantial* prejudice to his defense." *United States v. Seale*, 600 F.3d 473, 479 (5th Cir. 2010). (emphasis added); *United States v. Scully*, 951 F.3d 656, 668 (5th Cir. 2020).

---

[2] The general federal statute of limitations states: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within *five years* next after such offense shall have been committed." 18 U.S.C. § 3282

Delgado asserts that "[t]he seminal case on the right of a defendant for dismissal as a result of pre-accusatory or pre-indictment delay is *United States v Lovasco*, 431 U.S. 783, 97 S.Ct. 2044 (1977)." Mot. 4. The Supreme Court's opinion, in *Lovasco,* nevertheless, does not support the defendant's premise that the Government's conduct in the pre-indictment investigation of Delgado's charged conduct, resulting in the indictment in this case, results in a constitutional violation of Delgado's due process rights.

In *Lovasco*, the Supreme Court granted certiorari to "consider the circumstances in which the Constitution requires that an indictment be dismissed because of delay between the commission of an offense and the initiation of prosecution." *Id*. at 784. The Court noted:

> the Due Process Clause does not permit courts to abort criminal prosecutions simply because they disagree with a prosecutor's judgment as to when to seek an indictment. Judges are not free, in defining "due process," to impose on law enforcement officials our "personal and private notions" of fairness and to "disregard the limits that bind judges in their judicial function." *Rochin v. California,* 342 U.S. 165, 170, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). Our task is more circumscribed. We are to determine only whether the action complained of here, compelling respondent to stand trial after the Government delayed indictment to investigate further violates those "fundamental conceptions of justice which lie at the base of our civil and political institutions,"

*Lovasco,* 431 U.S. at.

### A. Delgado has not established actual and substantial prejudice to his defense because of the Government's purported delay in indicting him.

Actual prejudice may not be presumed from the fact of delay. *Schaffer*, 586 F.3d at 425. *Cf. generally United States v. MacDonald*, 456 U.S. 1, 6-9 (1982)[3] (distinguishing interests protected by Due Process Clause and Speedy Trial Clause). "[T]he standard for pre-indictment delay is nearly insurmountable, especially because proof of *actual* prejudice is always

speculative."[4] *United States v. Rogers*, 118 F.3d 466, 477 n.10 (6th Cir. 1997); *see also United States v. Huntley*, 976 F.2d 1287, 1290 (9th Cir. 1992) ("The task of establishing the requisite prejudice for a possible due process violation is 'so heavy' that we have found only two cases since 1975 in which any circuit has upheld a due process claim."). For example, the Sixth Circuit has "held that loss of memory [by a witness] is an insufficient reason to establish prejudice." *United States v. Wright*, 343 F.3d 849, 860 (6th Cir. 2003). Moreover, "[t]he mere passage of time is insufficient to support a due process claim, even if the time lapse prejudiced the defendant." *Seale*, 600 F.3d at 479. The prejudice must be substantial. *See id*. "The burden is on the defendant to establish both prongs." *Id*.

Delgado does not claim actual prejudice, as his own authority requires. Rather Delgado insists he was deprived of "the benefit of the investigations that would have shown substantial prejudice." Mot. 8. There is no authority for his hypothetical speculation that, although he cannot demonstrate prejudice, he might have been able to show prejudice if the Government followed his description of a criminal investigation. Delgado focuses on the strength of the Government's investigation, and makes several claims regarding reports, which he incorrectly claims should have been generated during the investigation. Delgado's arguments focus on rights he alleges that he was not afforded during the investigatory process, which have nothing to do with the preindictment delay in this case. Specifically, the Delgado claims that the "Government did not complete a Significant Incident Report (SIR) as part of their investigation and as required by its CBP Use of Force Policy, Guidelines and Procedures Handbook." Mot. 6. Delgado further claims that "the Government did not "submit [the SIR] and final investigatory report to the Excessive Review Force (ERF)." *Id*.

---

[4] In his Motion, Delgado's attempted demonstration of prejudice is completely speculative.

Delgado claims that the Government's failure to conduct an SIR resulted in the following: (1) "denied him the benefit of responding to the alleged offenses" and led to his termination; (2) denied him the ability to "submit evidence to the alleged offense and address the subjective allegations made by CBPO Furgeson in his reports, substantially prejudicing [him]"; (3) "denied [him] the benefit of reviewing the evidence of the alleged offenses presented to the federal grand jury"; (4) "denied [him] the benefit of confronting his accusers in a timely manner while their memories were fresh"; and (5) "prejudiced [him] with the Chain of Custody being tainted and/or broken." Mot. 8-10.

Perplexingly, Delgado fails to connect any of this to a delay in *charging* his conduct. Significantly, Delgado does not allege that the Government's failure to conduct these investigatory steps caused the delay in indicting him, nor could he because that was not the case. Delgado misses the mark by attempting to show actual prejudice by attacking the Government's investigation. The relevant question is not whether the Government's failure to take certain investigatory steps prejudiced Delgado. That is of no consequence to Delgado's due process violation argument. The relevant question is whether the Government's delay in *indicting* him prejudiced Delgado substantially. Because the lack of an SIR or ERF did not cause the delay in indicting the Defendant, and because the Government would not have generated an SIR had it indicted him sooner, all Delgado's arguments regarding the alleged prejudice that such inaction caused him are inapposite. Delgado's claims regarding the strength and thoroughness of the Government's investigation are better suited for trial and his claims regarding his lack of the ability to respond to such claims prior to termination are better suited for an administrative forum. Neither have any bearing on a Fifth Amendment due process violation claim.

Second, even if somehow, Delgado's arguments regarding the Government's investigation

were relevant, he still cannot show actual and substantial prejudice. The Government will address each of the alleged prejudices Delgado claims he suffered in turn:

(1) The fact that Delgado did not have "the benefit of responding to the alleged offenses" leading to his indictment and termination did not prejudice his criminal defense in any way. Significantly, Delgado fails to specify how he would respond to these allegations or why he cannot respond to those allegations during trial. More importantly, defendants do not have a Constitutional right to "respond" to allegations pre-indictment;

(2) Similarly, defendants have no Constitutional right to "submit evidence" regarding alleged offenses and to address subjective allegations made by others prior to trial, and Delgado does not specify which evidence he would have submitted or why he cannot submit this evidence during trial. Thus, again, there can be no actual and substantial prejudice as a result of his failure to do so;

(3) Delgado is incorrect in his assertion that he did not have "the benefit of reviewing the evidence of the alleged offenses presented to the federal grand jury." The grand jury testimony was provided to Delgado in discovery on April 17, 2023. Moreover, the Government's failure to generate an SIR did not prevent the Defendant from reviewing that evidence;

(4) Additionally, Delgado alleges that he was "denied . . . the benefit of confronting his accusers in a timely manner while their memories were fresh – not over three (3) years after the incidents. As noted above, memory loss by a witness is not sufficient to establish prejudice. The Fifth Circuit held that no actual, substantial prejudice was established in a case where the Government brought charges 40-years later. In that case, the Defendant confronted his accusers over 40 years after the incident and that was not enough to show prejudice. Consequently, a 3-year delay, as alleged by Delgado, would much less be sufficient to establish witness recollection as a

basis for actual, substantial prejudice. Furthermore, in this case, the majority of both charged incidents were captured on surveillance recordings, and statements were taken, and witness interviewed, shortly after, or closer in time to the incident than trial. Thus, the witnesses' memories in this can easily be refreshed;

(5) Finally, Delgado's claim regarding "chain of custody" is nonsensical. As explained at length above, an SIR was not required to be generated in this case. Moreover, Delgado can argue chain of custody issues during trial. If anything, a tainted or "broken" chain of custody would aid in his defense, not hinder or prejudice it.

Delgado's assertions about witness "Victor Gonzalez," are also inaccurate and inapposite. Without going into any specifics, Delgado claims that "Victor Gonzalez," the "government's unknown witness" "would have provided substantial exculpatory evidence." Mot. 8. Yet, on October 13, 2022, and again on January 12, 2022, Victor Gonzales, the individual Delgado refers to as "the main and unknown witness" who "would have absolved DELGADO of any wrong-doing," appeared before a federal grand jury sitting in the El Paso Division of the Western District of Texas and was thoroughly "interviewed" by government prosecutors, that is, he testified, under oath. The transcripts of Gonzales' grand jury testimonies were timely provided to Delgado in discovery on April 17, 2023. The first is Bates Stamp #5977, the second is # 5457.

Additionally, Gonzales was interviewed by federal law enforcement agents on August 12, 2021. His interview was memorialized in writing and timely provided to Delgado in discovery on April 17, 2023. It is Bates Stamp #1942.

Simply put, Delgado has failed to establish that the Government delayed in presenting the indictment to the grand jury, but if such delay had occurred, he has failed to demonstrate it caused him actual, substantial prejudice.

### B. Delgado has failed to establish that the Government acted in bad faith in indicting him years after the alleged incidents.

If a defendant fails to establish that actual prejudice resulted from preindictment delay, a court need not even consider the second part of the due process test, namely, the government's intent. *Schaffer*, 586 F.3d at 425; *United States v. Wright*, 343 F.3d 849, 860 (6th Cir. 2003). Here, as the Government has shown above, Delgado has failed to establish actual prejudice, and the Court's analysis can end. Nevertheless, the Government will also address the second prong of the Fifth Amendment's due process analysis for preindictment delay claims: that the Government did not act in bad faith.

Despite Delgado's assertions to the contrary, to succeed in proving a violation of due process, a defendant must prove that the Government acted or failed to act in bad faith. *Compare* Mot. 6 (The *Lovasco* Court, however, did not impose a burden on the defendant to prove that the government intentionally delayed the prosecution for tactical advantage; only that the Court should inquire into the reasons for the delay in bringing charges, if the defendant proves delay caused actual prejudice.") *with Lovasco*, 431 U.S. at 789 ("The Due Process Clause is implicated only if (1) the defendant suffers actual prejudice a*nd (2) the government acts with the requisite blameworthiness or bad faith*.") (emphasis added).

"[T]he Supreme Court has distinguished between investigative delay and tactical or bad faith delay." *Seal*, 600 F.3d at 479 (citing *Lovasco*, 431 U.S. at 783). Namely, the Supreme Court has explained that:

> Investigative delay is fundamentally unlike delay undertaken by the Government solely 'to gain tactical advantage over the accused' precisely because investigative delay is not so one-sided. Rather than deviating from elementary standards of 'fair play and decency,' a prosecutor abides by them if he refuses to seek indictments until he is completely satisfied that he should prosecute and will be able promptly to establish guilt beyond a reasonable doubt. *Seale*, 600 F.3d at 479–80.

*Lovasco*, 431 U.S. at 795.

Thus, the government's "reckless or negligent disregard of a potentially prejudicial circumstance" is insufficient to establish a due process violation. *Rogers* 18 F.3d at 476. The government's "bad faith requires an affirmative showing by the defendant; it cannot be implied [read inferred] from circumstantial evidence." *United States v. Sanders*, 452 F.3d 572, 581 (6th Cir. 2006).

Here, the Government did not delay in indicting Delgado to obtain any sort of "tactical advantage" nor is there any alleged tactical advantage that Delgado has alleged. Rather, from the time of the incidents to the time of indictment, the Government was investigating the incidents, gathering statements from witnesses, bringing witnesses before the Grand Jury, and evaluating the evidence thoroughly to determine whether there was sufficient evidence to prove the violations beyond a reasonable doubt, instead of rushing to indict. *See Lovasco*, 431 U.S. at 794 ("[I]nsisting on immediate prosecution once sufficient evidence is developed to obtain a conviction would pressure prosecutors into resolving doubtful cases in favor of early and possibly unwarranted prosecutions. The determination of when the evidence available to the prosecution is sufficient to obtain a conviction is seldom clear-cut, and reasonable persons often will reach conflicting conclusions."). Significantly, in this case, the Government is required to prove that Delgado acted willfully. Determining whether the Government could prove that Delgado had the requisite state of mind in this case and at what point was not a clear-cut question. Consequently, there was no bad faith on the part of the Government. Nor does Delgado claim there was—his Motion is devoid of any allegation that the Government acted in bad faith.

Therefore, even if the Court finds that there was actual prejudice to Delgado, the Court should not find that the Government acted in bad faith in indicting Delgado when it did.

### III. CONCLUSION

The Court should deny Delgado's Motion because he fails to state a violation of his Fifth Amendment due process rights. Delgado has not established that he was actually and substantially prejudiced by any delay in him being indicted; and Delgado has not established that the Government acted in bad faith.

Respectfully submitted,

JAIME ESPARZA
UNITED STATES ATTORNEY

By: _____
PATRICIA AGUAYO
  Assistant U.S. Attorney
Texas Bar #24059359
SARAH VALENZUELA
Assistant U.S. Attorney
  Texas Bar #24089261
DEBRA P. KANOF
Assistant U.S. Attorney
  Texas Bar #11093600
  700 E. San Antonio, Suite 200
  El Paso, Texas 79901
  (915) 534-6884

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2024, a true and correct copy of the foregoing was provided, via email, to counsel of record.

_____
PATRICIA AGUAYO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § § § | |
| **Plaintiff,** | § § | |
| v. | § § | **CASE NO: EP-23-CR-00466-KC** |
| **MIGUEL ANGEL DELGADO, JR.,** | § § § | |
| **Defendant.** | § | |

### ORDER

On this day, the Court considered Defendant's Motion to Dismiss the Indictment, ECF No. 56, and the Government's Response, in the above entitled and numbered cause, and the Court having considered the same, is of the opinion that said Motion should be **DENIED.**

**SO ORDERED.**

SIGNED AND ENTERED this _____ day of _____, 2024.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE