# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CAUSE NO. EP-23-CR-466(1)-KC |
| (1) MIGUEL ANGEL DELGADO, JR., | § § § | |
| Defendant. | § § | |

# ORDER

On this day, the Court considered Defendant Miguel Delgado's Motion to Dismiss the Indictment for Pre-Accusatory Delay ("Motion"), ECF No. 56. On March 8, 2023, a grand jury indicted Defendant for (1) deprivation of rights under color of law for conduct that occurred on June 15, 2020; (2) deprivation of rights under color of law for conduct that occurred on October 20, 2019; and (3) destruction, alteration, or falsification of records related to a federal investigation for conduct that occurred on June 15, 2020. *See* Indictment 1–2, ECF No. 3. The first two counts concern Defendant's alleged use of excessive force on two persons while he was working as a Customs & Border Protection Officer. Mot. 2–3; Resp. 1, ECF No. 62. The case is currently set for a bench trial on April 26, 2024. *See* Mar. 13, 2024, Text Order.

Defendant seeks to dismiss the Indictment because the Government waited nearly three years to pursue an indictment for Counts I and III, and over three years to pursue an indictment for Count II. Mot. 4. Defendant asserts that this preindictment delay has impaired his ability to prepare a defense and, therefore, the Indictment should be dismissed because the delay violates his Fifth Amendment right to due process. Mot. 6–7. Defendant specifically argues that (1) the Government's failure to prepare Special Investigation Summary Reports concerning the alleged instances of excessive force has prejudiced his case, Mot. 8–10, and (2) the delay caused a key witness, Victor Gonzalez, to lose his "recollection of the events in this case," Mot. 8.

An indictment may be dismissed for preindictment delay if (1) "the Government intended to delay obtaining an indictment for the purpose of gaining some tactical advantage over the accused in the contemplated prosecution or for some other bad faith purpose," and (2) that delay "caused actual, substantial prejudice to [the defendant's] defense." *United States v. Seale*, 600 F.3d 473, 479 (5th Cir. 2010) (citing *United States v. Crouch*, 84 F.3d 1497, 1523 (5th Cir. 1996) (en banc)). The defendant bears the burden of satisfying both elements. *Id.* (citing *United States v. Jimenez*, 256 F.3d 330, 345 (5th Cir. 2001)). A defendant's right to due process is not violated if the Government delayed seeking an indictment so it could thoroughly investigate the case, even if the defense is "somewhat prejudiced by the lapse of time." *United States v. Lovasco*, 431 U.S. 783, 796 (1977).

Here, Defendant does not argue that the Government delayed seeking an indictment for over three years to gain a tactical advantage or for another "bad faith purpose"; Defendant instead argues that he is not required to "prove that the [G]overnment intentionally delayed the prosecution for tactical advantage." Mot. 6. However, controlling Fifth Circuit and Supreme Court precedent says otherwise. *See Seale*, 600 F.3d at 479; *see also Lovasco*, 431 U.S. at 795 n.17 (indicating that a purely tactical delay "would violate the Due Process Clause").Defendant's argument thus fails at the first prong. *Seale*, 600 F.3d at 480.

Assuming arguendo Defendant could show that the Government had a bad faith motive in waiting three years to seek an indictment, Defendant has not shown that the delay caused actual prejudice to his defense. First, although Defendant asserts that his defense was prejudiced by the Government's failure to prepare Special Investigation Summary Reports regarding the alleged incidents of excessive force, Mot. 8–10, Defendant does not explain why the Government would have been more likely to complete its paperwork if it had *less* time to investigate the case. *See* Resp. 6. This contradictory argument does not demonstrate actual prejudice.

Second, Defendant asserts that the three-year delay caused Victor Gonzalez's "cognitive memory to deteriorate," which prejudices the defense because Mr. Gonzalez's testimony "would have absolved [Defendant] of any wrongdoing." Mot. 8. Defendant does not, however, specify which events Mr. Gonzalez can no longer recall. *See generally id.* The Government argues in response that Mr. Gonzalez is not incapable of recalling the incidents in question—rather, he was interviewed by federal law enforcement regarding the incidents on August 12, 2021, and testified under oath before the grand jury. Resp. 8. And the Government avers that Defendant was given transcripts of Mr. Gonzalez's testimony and interview. *Id.*

Given Defendant's failure to specify which specific facts Mr. Gonzalez can no longer remember and the Government's assertion that Mr. Gonzalez is capable of testifying about the events in question, Defendant has not established that Mr. Gonzalez has forgotten key details that prejudice the defense. And even if Mr. Gonzalez has forgotten some details, that does not rise to the level of actual prejudice. *United States v. Marion*, 404 U.S. 307, 326 (1971) (stating that some prejudice is "inherent in any extended delay: that memories will dim, witnesses become inaccessible, and evidence be lost"). In sum, Defendant has neither shown that the Government had improper motives in waiting three years to file an indictment nor that the delay has prejudiced Defendant's defense. Therefore, the Motion, ECF No. 56, is **DENIED**.

    **SO ORDERED.**

    SIGNED this 23rd day of April, 2024.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE