UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **THE STATE OF TEXAS** § | |
| v. § | NO:   EP:23-CR-00466(1)-KC |
| **MIGUEL ANGEL DELGADO JR.** § | |

### MOTION TO RECONSIDER DEFENDANT'S MOTION AND INCORPORATED MEMORANDUM TO DISMISS FOR PRE-ACCUSATORY DELAY

To the Honorable Judge of Said Court:

Defendant MIGUEL ANGEL DELGADO JR., through his attorneys of record, Veronica T. Lerma and Eduardo N Lerma, Sr., files this *Motion to Reconsider Defendant's Motion and Incorporated Memorandum to Dismiss for Pre-Accusatory Delay*.

DELGADO moves to dismiss for violation of his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.  *See United States v. Marion, 404 U.S. 307 (1971), United States v. Lovasco*, 431 U.S. 783, 759-90 (1977).

As grounds, counsels state as follows:

1

# I.
# SUMMARY

| Table of Events | | | | | |
|---|---|---|---|---|---|
| | Date of Incident<br><br>Count I<br>Estrada | Date of Incident<br><br>Count II<br>Espinosa | Count III<br><br>Destruction, Alteration, or Falsification of Records in Federal Investigations | Date of Indictment | Date of Arrest |
| CBPO Delgado | 6/15/20 | 10/20/19 | 6/15/20 | 3/8/23 | 3/10/23 |

| Days from Incident to Indictment Date —<br><br>Count I & Count III | Days from Incident to Indictment Date —<br><br>Count II | Days from Incident to Arrest Date —<br><br>Count I & Count III | Days from Incident to Arrest Date —<br><br>Count II |
|---|---|---|---|
| 996 days | 1235 days | 998 days | 1237 days |

Defendant is presently charged by Indictment as follows:

**Count I** (on or about June 15, 2020) — for deprivation of rights under Color of Law, Title 18 U.S.C. § 242, *Deprivation of Rights Under Color of Law.*

**Count II** (on or about October 20, 2019)— Title 18 U.S.C. § 242, *Deprivation of*

*Rights Under Color of Law.*

**Count III** (on or about June 15, 2020) — Title 18 U.S.C. § 1519, *Destruction, Alteration, or Falsification of Records in Federal Investigations.*

All alleged offenses were committed within the Western District of Texas.

## II.
## BACKGROUND

On or about March 08, 2023, DELGADO was indicted in the Western District of Texas on all three counts.

On or about June 15, 2020, DELGADO allegedly used excessive force on Ricardo Estrada.

Then, on or about October 20, 2019, DELGADO allegedly used excessive force on Tomas Espinoza.

Finally, on or about June 15, 2020, DELGADO was also charged with Destruction, Alteration, or Falsification of Records in Federal Investigations.

On March 08, 2023, DELGADO was indicted by a Federal Grand Jury in the Western District of Texas.

On March 10, 2023, DELGADO was arrested, after Indictment. After processing, DELGADO was released.

On August 20, 2020, the United States Attorney's Office, El Paso Division

3

for the Western District of Texas, accepted the case and assigned Assistant U.S.A. Patricia Aguayo; the Department of Justice Civil Rights Division also assigned a legal team to assist AUSA Aguayo on all cases.

On **Count I** and **Count III**, from June 15, 2020 to March 08, 2023, **996 days elapsed.**

On **Count II**, from October 20, 2019 to March 08, 2023, **1,235 days elapsed**.

### III.
### ARGUMENT and AUTHORITIES

DELGADO submits the above delays constituted unreasonable pre-accusatory delay, coupled with accompanying actual prejudice to DELGADO.

The Fifth Amendment's Due Process Clause protects a defendant from unreasonable pre-indictment delay.  *United States v Marion*, 404 U.S. 307, 92 S.Ct. 455 (1971); *United States v Gladney*, 474 5.3d 1027 (8th Cir. 2007).

The seminal case on the right of a defendant for dismissal as a result of pre-accusatory or pre-indictment delay is *United States v Lovasco*, 431 U.S. 783, 97 S.Ct. 2044 (1977).  In that case, the Court considered the circumstances in which the Constitution requires that an indictment be dismissed because of delay between the commission of the offense and the prosecution.

Here, in **Count I a delay of 996 days** elapsed between the commission of

4

the alleged offense and date of indictment; in **Count II a delay of 1235 days** elapsed between the commission of the alleged offense and date of indictment; and in **Count III a delay of 996 days** elapsed between the commission of the alleged offense and date of indictment. — a **PERIOD of OVER THREE YEARS** from the date of the commission of the alleged offenses and the initiation of this prosecution (Indictment). In *Lovasco*, the Court stated that *Marion* makes clear "that prove of prejudice is a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reason for the delay as well as the prejudice to the accused." 97 S.Ct. at 2048-49.

    Due Process would be violated where pre-accusatory delay causes actual prejudice to the defendant's ability to defend against the accusation and that the Government delayed the indictment to gain a tactical advantage over the accused and the delay was in reckless disregard for the risk of prejudice caused by delay. Also, in *Lovasco*, the Court quoted, with approval, a concession made by the Government, "a *Due Process* violation might also be made out upon a showing of prosecutorial delay incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability to mount an effective defense."

    The Court of Appeals for the Eighth Circuit has held that to prove a

violation of the due process clause protection against pre-indictment delay, the defendant must establish that:

1) the delay resulted in actual and substantial prejudice to the presentation of the defense; and

2) The Government intentionally delayed its indictment, either to gain a tactical advantage or to harass him; *United States v. Haskell*, 468 F.3d. 1064 (8th Cir. 2006).

The defendant has the burden of establishing actual, as opposed to speculative, prejudice; to prove actual prejudice a defendant must specifically identify witnesses or documents lost during delay properly attributable to the Government.

If the defendant establishes actual prejudice, the Court will then inquire into the Government's reason for the delay. *United States v Sturdy*, 207 F.3d. 448 (8th Cir. 2000).

The *Lovasco* Court, however, did not impose a burden on the defendant to prove that the government intentionally delayed the prosecution for tactical advantage; only that the Court should inquire into the reasons for the delay in bringing charges, if the defendant proves delay caused actual prejudice.

In this case, the Government did not complete a Significant Incident Report (SIR) as part of their investigation, and as required by its <u>CBP Use of Force Policy, Guidelines and Procedures Handbook</u>. Ferguson describes the policy and

6

procedures as follows:

> *"Ferguson reported that a supervisory CBPO will have gathered all memorandum and reports, and then generate a Significant Incident Report (SIR) for the Chief. The use of force incident information is then entered into the CBP Enforcement Action Statistical Analysis and Reporting System (E-STAR), and later reviewed by a CBP use of force review team. Ferguson advised that the E-STAR is completed by the CBPO involved in the use of force incident.*
>
> *Ferguson stated that an E-STAR report was not completed regarding the alleged use of force incident being investigated by DHS OIG. Ferguson explained that because the CBPO did not use fists, TAZERS, pepper spray, batons, or firearms, during the use of force incident, an E-STAR report was not completed. Ferguson stated that an SIR was not generated regarding the alleged use of force, but emails with "bullet points" that documented the incident were generated."*

(US0002354 Ferguson Statement)

Because of this failure, the Government did not submit the Significant Incident Report (SIR) and final investigatory report to the Excessive Review Force (ERF), as required by its CBP Use of Force Policy, Guidelines and Procedures Handbook. In turn, the Government <u>must</u> report the incident to the Federal Protective Services (FPS) for further investigation. This, the Government wholly failed to do.

Because of the above, DELGADO was denied due process by the Government's inactions and failure to diligently complete the investigations as mandated by its CBP Use of Force Policy, Guidelines and Procedures Handbook.

7

Thus, DELGADO lost the benefit of the investigations that would have shown substantial prejudice preventing DELGADO from initiating an effective defense.

A complete investigation would have revealed that the main and unknown witness would have absolved DELGADO of any wrongdoing as the unknown witness was present at all times. The Government's expert witness, in its Investigative Summary Report, dated April 8, 2024, clearly shows this unknown witness was present at all times during the incident. Yet, the Government failed to identify and interview this unknown witness.

This witness is known to DELGADO as Victor Gonzalez; but because of the Government's delay and failure to complete its investigation, this extended delay resulted in this witness' cognitive memory to deteriorate and loss of the witness' recollection of the events in this case. The Government's unknown witness would have provided substantial exculpatory evidence of the alleged offenses, showing that DELGADO did not use excessive force. DELGADO submits that, but for the Government's inactions, this witness' testimony would have shown actual prejudice to DELGADO's defense.

The Government failed to identify this important witness that a complete investigation would have revealed:

1) The Government failed to follow its policy as dictated by their CBP *Use*

*of Force Policy, Guidelines and Procedures Handbook* by not conducting a Special Investigation Summary Report on each of the incidents for which DELGADO was indicted;

    2) The Government's failure to conduct a Special Investigation Summary Report denied DELGADO the benefit of responding to the alleged offenses, Counts I, II, and III, DELGADO was indicted and terminated from his employment with the Service;

    3) The Government's failure to conduct a Special Investigation Summary Report denied DELGADO to submit his evidence to the alleged offense and address the subjective allegations made by CBPO FURGESON in his reports, substantially prejudicing DELGADO;

    4) The Government's failure to conduct a Special Investigation Summary Report denied DELGADO the benefit of reviewing the evidence of the alleged offenses presented to the federal grand jury;

    5) The Government's failure to conduct a Special Investigation Summary Report denied DELGADO the benefit of confronting his accusers in a timely manner while their memories were fresh — not over three (3) years after the incidents.

    6) The Government's failure to conduct a Special Investigation Summary

Report prejudiced DELGADO with the Chain of Custody being tainted and/or broken.

7) The Government did not initiate any meaningful investigation until approximately over three (3) years after the incidents for which DELGADO was indicted.

## IV.
## CONCLUSION

**Wherefore, Premises Considered**, Defendant prays his *Motion to Reconsider Defendant's Motion and Incorporated Memorandum to Dismiss for Pre-Accusatory Delay*.be granted in all things and this cause be dismissed with prejudice.

        Respectfully submitted:
        **Lerma Law**
        1417 Montana Avenue
        El Paso, Texas 79902
        T.: 915.533.4779

        **Eduardo N. Lerma, Sr. Law Offices**
        1417 Montana Avenue
        El Paso, Texas 79902
        Tel: 915-533-0177

        /s/ Veronica Teresa Lerma
        **Veronica Teresa Lerma**
        Texas State Bar No. 24062846
        vtlermalaw@gmail.com

/s/ Eduardo N. Lerma, Sr            .
**Eduardo N. Lerma, Sr.**
Texas State Bar No. 12221300
enl1417@aol.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on April 29, 2024, a copy of Defendant's *Motion to Reconsider Defendant's Motion and Incorporated Memorandum to Dismiss for Pre-Accusatory Delay* was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record. in accordance to the Federal Rules of Criminal Procedure.

/s/  Veronica Teresa Lerma
Veronica Teresa Lerma

/s/ Eduardo N. Lerma, Sr.
Eduardo N. Lerma, Sr.

*Attorneys for Defendant*

11